UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

QUALITY BUILDERS WARRANTY :
CORPORATION, :
    Plaintiff :
  : CIVIL NO. 1:10-CV-2500
    vs. :
  :
  :
EASTWOOD CONSTRUCTION CO., :
INC. and EASTWOOD HOMES, INC., :
    Defendants :
  :
  :

*M E M O R A N D U M*

*I.        Introduction*

This is a breach-of-contract action brought by Plaintiff, Quality Builders Warranty Corporation ("QBW"), against Defendants, Eastwood Construction Co., Inc., and Eastwood Homes, Inc. The action, originally brought in the Court of Common Pleas of Cumberland County, was removed to this Court on December 7, 2010.

Defendants, both North Carolina corporations, are homebuilders. They each made agreements with QBW to enroll each new home in QBW's warranty program. QBW alleges that Defendants breached these agreements by attempting to terminate them early. Defendants brought a counterclaim, alleging that QBW breached the agreement by failing to properly handle claims brought by homeowners.

Presently before the court are two motions for summary judgment filed by QBW. In the first motion, QBW seeks summary judgment on Defendants' counterclaim. QBW's second motion requests partial summary judgment on its breach of contract claim against Defendants.

*II.		Background*

On July 1, 1997, Eastwood Construction became a member of QBW's new-home warranty program. (Doc. 50, ¶ 8). Under the Builder Agreement, Eastwood Construction was required to enroll in the warranty program all new homes that it built. (Id. at ¶ 9). The Agreement had no fixed term and "continue[d] until terminated by either party in accordance with the terms of this agreement." (Doc. 1, Exh. 1). Eastwood Construction could terminate the Agreement "upon 30 days advance written notice to QBW." (Id.)

On May 15, 2003, the parties executed an Amendment to the Agreement. (Doc. 50, ¶ 11). In pertinent part, the Amendment modified the Agreement as follows:

> 1. Builder [Eastwood Construction] shall maintain its membership in QBW's Limited Warranty Program for an additional period of three (3) years to commence upon the below date [May 15, 2003] and submit for enrollment homes which Builder or any affiliate constructs during that time. Builder may not terminate his participation in the QBW Program within that period unless consented to by QBW in writing.
>
> 2. Builder's rate will be lowered to $1.15 per thousand. The rate will remain in effect for the period of this Amendment. The Amendment will renew for a like term, unless thirty (30) days prior to the expiration of this term or any extensions either party provides the other thirty (30) days advance written

>   notice that they intend not to extend the period entitling the
>   Builder to a lower rate.  If Builder provides notice, QBW will
>   adjust the Builder's rate upward effective at the end of the
>   then current term.
>
>   . . . .
>
>      4.  If the terms contained in this Amendment are
>   inconsistent with the Builder Agreement, the terms of this
>   Amendment shall govern.

(Doc. 1, Exh. 2, "Amendment to Builder Agreement").

On November 1, 2010, Eastwood Construction sent QBW a letter, stating that it was terminating the Agreement as of December 31, 2010.  (Doc. 50, ¶ 23).   QBW alleges that the Agreement automatically renews for three-year terms, unless one party provides thirty days notice of non-renewal.  Plaintiff argues that the termination letter was sent during the third three-year term, due to expire May 15, 2012.[1]  Eastwood Construction argues that the Agreement did not automatically renew and could be terminated after the initial three-year term upon thirty days notice.

*B. Agreement Between QBW and Eastwood Homes*

Effective December 13, 2005, QBW and Eastwood Homes entered into a Builder Agreement and an Addendum pursuant to which Eastwood Homes became a member of Plaintiff's new-home warranty program.  (Doc. 47, ¶¶ 17-18).  This Agreement

---

[1] According to QBW, the first three-year term lasted May 2003 through May 2006.  The Agreement was automatically renewed from May 2006 to May 2009, and a second time from May 2009 to May 2012.

3

had no fixed term, and Eastwood Homes could terminate the Agreement "upon 30 days advance written notice to QBW." (Doc. 1, Exh. 4).

The Addendum to the Builder Agreement amended the Agreement as follows:

> In consideration for receiving a reduced rate, Builder agrees to maintain its membership in the QBW program for a period of 3 years to commence on the date this Addendum is executed by QBW. Builder agrees to submit for enrollment all homes which Builder or any affiliate constructs during this term and any extensions. In exchange, Builder's rate will be $1.15 per thousand. The Addendum will renew for like terms unless (30) days prior to the expiration of the term, or any extensions, either party provides the other (30) days advance written notice that they intend not to extend the period entitling the builder to a lower rate. If Builder provides notice, QBW will adjust the Builder's rate upward effective at the end of the then current term.

(Doc. 1, Exh. 4).

On November 1, 2010, using the same letter sent by Eastwood Construction, Eastwood Homes notified QBW that it was terminating the Agreement as of December 31, 2010. (Doc. 50, ¶ 23). QBW argues that this agreement, like the one with Eastwood Construction, renews for three-year periods and the letter attempted to end it prior to the expiration of the term.

*III.      Discussion*

*A. Standard of Review*

We will examine the motions under the well-established standard. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008). We "must view all

4

evidence and draw all inferences in the light most favorable to the non-moving party, and may affirm a grant of summary judgment only if no reasonable juror could find for the non-movant." Id.

*B. QBW's Motion for Summary Judgment on the Amended Counterclaim*

QBW requests summary judgment on the Eastwoods' amended counterclaim, which alleges that QBW breached the contract before the Eastwoods sent the November 1, 2010 termination letter. QBW argues that it is entitled to summary judgment, because Eastwood Homes failed to present any evidence that establishes a breach, and Eastwood Construction's evidence does not demonstrate a failure of QBW's duty under the contract.

*1. Claims by Eastwood Homes*

In its counterclaim, Eastwood Homes and Eastwood Construction argue that QBW failed to properly handle claims, breaching the contract. QBW contends that the only homeowners alleging improper handling of claims purchased their homes from Eastwood Construction, and Eastwood Homes has failed to provide any evidence in support of its claim for breach of contract.

Eastwood Homes and Eastwood Construction note that the two Eastwoods merged on December 31, 2010 to form Eastwood Construction, LLC. Because there is a genuine issue regarding the status of Eastwood Homes as a separate entity, we will not grant summary judgment. See Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d.

Cir. 2008) ("Summary judgment is appropriate only if there are no genuine issues of material fact.").

> *2. Whether There is Any Genuine Issue as to Any Material Fact that QBW Breached the Builder Agreement*

In their counterclaim, Eastwood Homes and Eastwood Construction allege that QBW breached the Builder Agreement. In order to establish a breach of contract claim, the Eastwoods must show "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." <u>Hart v. Arnold</u>, 2005 Pa. Super. 328, 884 A.2d 316, 332 (Pa. Super. 2005). QBW argues that Eastwood Homes and Eastwood Construction have failed to present any evidence that it breached a duty owed under the contract. Eastwood Construction and Eastwood Homes argue that QBW did not properly investigate claims by failing to conduct site visits or have an engineer determine whether major structural defects existed, assumed that claims should be denied, and never responding to certain complaints. Additionally, they assert that QBW "deliberately manipulated the arbitral process" and interpreted the definition of a covered major structural defect too narrowly. (Doc. 56, at 15). To substantiate their allegations, Eastwood Homes and Eastwood Construction name four homeowners that reported claims which were allegedly improperly handled by QBW.

QBW asserts that it followed the claims handling procedure set forth in the Agreement, and that these four instances do not demonstrate that it failed to correct a defect pursuant to the Agreement. The Eastwoods, however, have provided evidence

that QBW failed to make repairs that were required under the Agreement. See Doc. 56, Exh. 4-8, 10, 11. In the light most favorable to the Defendants, a reasonable jury may find that the QBW violated the Agreement. Therefore, we will not grant summary judgment. See Lawrence, 527 F.3d at 310 (allowing summary judgment only when no reasonable jury could find for the non-movant).

### 3. Whether Eastwood Construction and Eastwood Homes are Estopped from Claiming QBW Breached the Contract

QBW asserts that Eastwood Construction and Eastwood Homes continued performing under the contract beyond the dates of claimed breaches and after the date specified in the termination letter. This, QBW contends, estops them from alleging breach of contract. Eastwood Construction and Eastwood Homes assert that they stopped enrolling all homes in the warranty program as set forth in their termination letter. Because there is a genuine issue as to whether Defendants continued enrolling homes, we will not grant summary judgment in favor of QBW. See id. ("Summary judgment is appropriate only if there are no genuine issues of material fact.").

### C. QBW's Motion for Partial Summary Judgment

QBW requests partial summary judgment to establish that the Eastwoods breached the contract by sending the termination letter on November 1, 2010. QBW asserts that the Agreement had been renewed consistent with the Addendum, and Defendants had to wait until the end of the renewed three-year period to terminate. The Eastwoods argue that the Addendum does not control the termination of the Agreement.

As previously discussed, there are genuine issues of material fact regarding whether QBW breached the Agreement prior to the alleged early termination. Considering the matter in the light most favorable to Defendants, a reasonable jury could find that QBW breached the Agreement and find in favor of the Defendants. Therefore, we will deny QBW's motion for partial summary judgment.

*D. Eastwood Construction and Eastwood Homes' Request for Summary Judgment*

In their briefs opposing QBW's motion for summary judgment on the counterclaims and QBW's motion for partial summary judgment, Eastwood Construction and Eastwood Homes requested summary judgment pursuant to Federal Rule fo Civil Procedure 56(f)(1). This is not an appropriate use of this rule.

*IV.*     *Conclusion*

Based on the preceding, we will deny QBW's motions for summary judgment. We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: May 1, 2012

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUALITY BUILDERS WARRANTY CORPORATION,<br>    Plaintiff<br><br>    vs.<br><br>EASTWOOD CONSTRUCTION CO., INC. and EASTWOOD HOMES, INC.,<br>    Defendants | :<br>:<br>:<br>:<br>: CIVIL NO. 1:10-CV-2500<br>:<br>:<br>:<br>:<br>:<br>: |

*O R D E R*

AND NOW, this 1st day of May, 2012, upon consideration of Plaintiff's motions for summary judgment (Docs. 46, 49) and Defendants' response, and pursuant to the accompanying Memorandum, it is ORDERED that Plaintiff's motions for summary are DENIED.

                                            /s/ William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge